

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Hon. L. A. Woods
State Superintendent of Public Instruction
Department of Education
Austin, Texas

Dear Sir:

Opinion No. V-43

Re: Application for reimbursement
for special education, signature
of County Superintendent, neces-
sity for under Article 2922-3,
Section 2, V.A.C.S.

We refer to your letter of recent date wherein you requested
an opinion from this Department concerning the matters and questions
submitted therein, in substance, as follows:

Articles 2922-2 to 2922-8, V.A.C.S., Acts 1945,
49th Legislature, Chapter 369, H. B. 38, provides for
special education for exceptional children defined in
the Act. Section 2, Article 2922-3, providing for the
filing of an application for such aid reads in part as
follows: ". . . The tentative budget and all forms
filed with the State Department of Education must be
sworn to by the County Superintendent and the Superin-
tendent or Principal of the school making and filing
said forms."

East Bernard, an Independent School District in
Wharton County, with 367 scholastics, filed an appli-
cation for such aid on July 30, 1946, without the
approval of the County Superintendent. The Superinten-
dent of the school making said form for application has
completed and signed the application form prescribed by
this Department. The County Superintendent, however,
has repeatedly refused to sign the prepared application
giving as his reason that he is not in sympathy with the
idea of instituting such a program in the county at this
time, and that it would be quite some time before Wharton
County would be ready for it. The application for

reimbursement states that the School Board authorized a special class for exceptional children on July 7, 1946, and request is made therein for reimbursement aid for 23 exceptional children.

Question: Is the signature of the County Superintendent essential to the Department of Education's approving the application and making payment thereon, providing all other eligibility requirements are met?

Section 1 of Senate Bill 38, Acts 1945, 49th Legislature, which law is recorded as Articles 2922-2 to 2922-8 in Vernon's Annotated Civil Statutes, states that the purpose of this Act is to provide competent educational services for the exceptional children in Texas between and including the ages of six and seventeen for whom regular school facilities are inadequate or not available. Section 2 thereof defines "exceptional children" and "special services" as used under its provisions. We shall copy herein only those particular Sections of the Act as may be pertinent to this opinion.

Section 1, Article 2922-3, provides as follows:

"The School Board of any school district may establish and maintain special classes for five (5) or more exceptional children who are residents of such district and/or such exceptional children who are residents of other school districts, which cannot meet the requirements for establishing and maintaining special classes.

"In any school district where the parents of five (5) or more of any type of exceptional children, or types which may be taught together, petition the Board of Education of that district for a special class, it shall be the duty of the school authorities to request the Division of Special Education of the State Department of Education to cooperate in the establishment of such class or classes under rules and regulations established for this purpose by the State Department of Education; provided also, that two (2) or more adjacent school districts may join together and contract to establish a special class or classes. In such a case the various districts are to be paid the cost of educating the children in the special class or classes over and above the average per capita cost of educating normal children in the respective school districts. In other districts where there is not sufficient number for the organization of a special class or classes, exceptional

children may be entered in special classes in any other district; and all per capita apportionment paid to such district for each such child shall be transferred to the district that provides the facilities for their education by the proper authorities, as provided in Section 1 of Article 6 of this Act (Art. 2922-7)."

Section 2, Article 2922-3, provides:

"It is further provided that to be eligible for aid under the provisions of this Act, the school district establishing and maintaining special classes for exceptional children must file with the Division of Special Education in the State Department of Education on or before September 1st of each school year, on forms furnished by the State Department of Education, a tentative budget containing the anticipated expenditures of such special classes. On or before July 15th of each school year, each school district maintaining special classes for exceptional children shall make a detailed, accurate financial record of all moneys paid out by it for maintenance of these classes, and such financial record shall be subject to the approval of the State Superintendent of Public Instruction. The tentative budget and all forms filed with the State Department of Education must be sworn to by the County Superintendent and the Superintendent or Principal of the school making and filing said forms."

Section 3, Article 2922-3 provides:

"It is further provided that in order to qualify for reimbursement, the district must include in the making of its budget a sum not less than the total per capita cost of educating said exceptional children who are to be taught in special classes. The State Treasurer and the State Department of Education are hereby authorized to pay within the limits set forth in Section 1, Article 3 (Art. 2922-6), to the local Board of Education of the school districts establishing and maintaining special classes for exceptional children, not more than the difference between the per capita cost of instruction and equipment for the normal children of that district in any corresponding grade of said school district, and the average per capita cost required to pay teachers' wages and the cost of special services; provided that no excess cost shall be paid for school buildings, premises, or plant."

Section 2, Article 2922-4, provides in part as follows:

"There shall be appointed by the State Superintendent of Public Instruction a Director for the Division of Special

Education. It shall be the duty of the Director of the Division of Special Education to furnish forms to all school districts making application for aid under the provisions of this Act; to take such action and to make such rules and regulations not inconsistent with the terms of this Act as may be necessary to carry out the provisions and intention of this Act, and for the best interest of the exceptional children for whose benefit the funds are appropriated; and to determine whether the exceptional child for whom claim is made is within the class as defined by this Act and whether or not competent educational services were rendered to the child.

. . ."

Article 2922-3, Section 2, is clear and unambiguous. It expressly requires that the tentative budget and all the forms filed with the State Department of Education must be sworn to by the County Superintendent and the Superintendent or Principal of the school and filing the form. The form of the reimbursement application submitted was prepared by the Department of Education and includes the school's tentative budget of anticipated expenditures of such special classes, which tentative budget, under the Act, also must be sworn to by the County Superintendent. Furthermore, a failure to prepare and certify such reports and forms required by the Act constitutes a forfeiture by the school district of its right to reimbursement. Section 4, Article 2922-3.

In answer to your question and in accordance with the above statutory requirements, it is our opinion that the application for reimbursement for the excess costs of educating exceptional children required under Article 2922-3, Section 2, V.A.C.S., to be filed with the State Department of Education must bear the sworn signature of the County Superintendent and the Superintendent or Principal of the school making same before said Department may approve same and make payments thereon.

We have answered the submitted specific question, but we think the material matter you desire to be advised upon is whether the County Superintendent is vested with discretionary authority to approve or disapprove a school's application for reimbursement aid for the excess cost of educating exceptional children in accordance with that he concedes to be the best interest of the school, district, or county, or whether he is required to approve said application when same has been lawfully made.

Article 2780, V.A.C.S., expressly provides that the trustees of an independent school district shall have the management and control of the public school and the public school grounds, and shall have the

authority to manage and supervise the schools. The authority is subject to certain limitations enumerated in other statutes, the elaboration of which in this opinion would serve no useful purpose.

Section 1, Article 2922-3, V.A.C.S., provides specifically that the School Board of any school district may establish and maintain special classes for five (5) or more exceptional children, and that it shall be the duty of the said school authorities to request the Division of Special Education of the State Department of Education to cooperate in the establishment of such class or classes where the parents of five (5) or more of such type of children petition the trustees of their district.

We think these statutes, when construed together, mean that the trustees of the district are vested with the authority to manage and control said school, including the right to establish and make application for reimbursement aid for carrying on the exceptional type of classes, and that this right is absolute and exclusive so long as their establishment conforms to Article 2922-3, Section 1, and the application for aid with its tentative budget is lawfully made. The County Superintendent is given authority under Article 2922-3, Section 2, to approve the application form, other forms required by the State Board of Education relative thereto, and the tentative budget for the purpose of assuring their lawful execution.

It is our opinion that if the application in question meets all the requirements of the law on the subject and has been lawfully executed by the proper board of trustees, the County Superintendent has no right to refuse to approve same merely because he does not think it to be for the best interest for the school, district or county. Peevy vs. Surillo, County Superintendent, 159 S.W. 2d 777, reversing the judgment of the Court of Civil Appeals in 136 S.W. 2d 203.

In former Opinion No. O-2454, this Department held that the authorization of a County Superintendent to exercise general supervision over the common school of a county does not carry with it the authority to substitute his judgment for that of the Board of Trustees when acting within the scope of their authority.

## SUMMARY

The application forms for reimbursement for the excess costs of educating exceptional children required under Article 2922-3, Section 2, V.A.C.S., to be filed with the State Department of Education, must bear the sworn signature of the County Superintendent and the Superintendent or Principal of the school making same, before said Department may approve same and make payment thereon.

If said application forms have been lawfully executed by the proper Board of School Trustees in accordance with Articles 2922-1 to 2922-8, V.A.C.S., the County Superintendent has no discretionary authority nor right to refuse to approve same merely because he thinks it is not for the best interest of the school. Peevy vs. Carlile, 139 S.W. 2d 779.

We return herewith all letters and forms submitted with your letter requesting an opinion on the subject discussed.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Chester E. Ollison
Assistant

CEO:jm

Enclosures

APPROVED FEB 24, 1947

Price Daniel

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN